**Alphonsus McNEIL, Petitioner,**

**v.**

**W. D. BLANKENSHIP, Superintendent Correctional Field Unit # 7, Respondent.**

**Civ. A. No. 73–C–33–H.**

United States District Court, W. D. Virginia, Harrisonburg Division.

Oct. 26, 1973.

Phillip C. Stone, Wharton, Aldhizer & Weaver, Harrisonburg, Va., for petitioner.

William A. Carter, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, District Judge.

This case is before this court upon a petition for injunctive relief filed *in forma pauperis* on August 8, 1973, by Alphonsus McNeil, a state prisoner, pursuant to 42 U.S.C. § 1983. This *pro se* action was originally filed in the United States District Court for the Eastern District of Virginia, and by order dated August 8, 1973, was transferred to this court.

Petitioner alleges that upon being transferred from the Virginia State Penitentiary to Field Unit # 7, he suffered a cut in his bonus and compensation pay for work done in those facilities, and that the reduction in compensation was due to racial discrimination in violation of the Thirteenth and Fourteenth Amendments.

By order of August 24, 1973, this court appointed counsel to represent petitioner in this matter.

Respondent has moved for summary judgment, admitting that petitioner's allegation is well taken, but shows by affidavit that on August 22, 1973, the Superintendent of Field Unit # 7 was instructed by the Superintendent of the Bureau of Correctional Field Units to correct the pay records of petitioner so that he would receive the same amount of bonus pay he was receiving before assignment to Unit # 7. In addition, he would receive a sum sufficient to make up for the deficiency which occurred as a result of his transfer.

Petitioner has indicated to his counsel that he is not satisfied with this relief, and objects to dismissal of his action without some recovery for mental anguish that he alleges that he has suffered as a result of the initial difference in compensation that he received upon transfer. This allegation by no stretch of the imagination is one of such magnitude as to rise to the level of a constitutional deprivation as would empower this court to act pursuant to § 1983.

For the above reasons, respondent's motion for summary judgment is granted, and petitioner's complaint is ordered dismissed.